IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMETROUS JACKSON,

        Plaintiff,                                CV F 06 0774 LJO WMW PC

        vs.                                      ORDER DISMISSING FIRSET
                                            AMENDED COMPLAINT
                                            WITH LEAVE TO FILE
                                               A SECOND AMENDED COMPLAINT

                                            (THIRTY DAY DEADLINE)

K. LARGE,

        Defendant.

        Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the April 28, 2008, first amended complaint filed in response to an earlier order dismissing the original complaint and granting Plaintiff leave to file anamended complaint.  . Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at the California Correctional Institution at Tehachapi, brings this civil rights action against defendant Captain K. Large, an employee of the CDCR at CCI Tehachapi.

        In the order dismissing the original complaint, the court noted the following.  Plaintiff's claims in this complaint is that he was denied access to the courts.  Specifically, Plaintiff alleges that he arrived at Tehachapi in February of 2006, and his legal materials did not arrive until May

31, 2006. Upon Plaintiff's arrival, he sought "relief from an order entered by the Superior Court that was unlawful." The only specific conduct charged to Captain Large is that Plaintiff "was denied, and limited to the court by the named defendant."

Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Under prior law, Bounds was treated as establishing "core requirements," such that a prisoner alleging deprivation of the Bounds minima need not allege actual injury to state a constitutional claim. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). Recent Supreme Court precedent abolishes such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element. Casey v. Lewis, 518 U.S.343 (1996).

To establish a Bounds violation, a prisoner must show that his prison's law library or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim. Casey, supra, 518 U.S. 343, 347. The right of access does not require the State to "enable the prisoner to discover grievances" or to "litigate effectively once in court." The Casey Court further limits the right of access to the courts, as follows:

> Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim .... Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Casey, supra, 518 U.S. at 346.

The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo

1  v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to
2  the deprivation of a constitutional right, within the meaning of section 1983, if he does an
3  affirmative act, participates in another's affirmative acts or omits to perform an act which he is
4  legally required to do that causes the deprivation of which the complaint is made."  Johnson v.
5  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6       Plaintiff was advised that in his first amended complaint, he failed to specify the injury
7  that he suffered.  Plaintiff referred to a court order, but did not specifically indicate what type of
8  action he was litigating.  Further, Plaintiff did not charge the named defendant with specific
9  conduct that caused him actual injury as that term is defined above.   Plaintiff simply alleged that
10 the defendant was responsible for the delay in receiving Plaintiff's legal property.

11      The court founds the allegations in plaintiff's complaint vague and conclusory.   Plaintiff
12 was granted leave to file a first amended complaint.  Plaintiff was specifically cautioned that the
13 amended complaint supersedes the original complaint.  Plaintiff was directed to set forth all of
14 his claims and factual allegations in the amended complaint.  The April 28, 2008, first amended
15 complaint does not charge any conduct to the defendant.  In the first amended complaint,
16 Plaintiff simply alleges that his legal materials are missing, and he would like to be compensated.
17 There is no conduct charged to the defendant.  The court will grant Plaintiff one further
18 opportunity to file a second amended complaint.

19      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
20 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
21 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
22 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
23 there is some affirmative link or connection between a defendant's actions and the claimed
24 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
25 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

26

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's first amended complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:    August 7, 2008**                    /s/  **William M. Wunderlich**
                                                UNITED STATES MAGISTRATE JUDGE