IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMETROUS JACKSON,

    Plaintiff,                                  1:06 CV 0774 LJO WMW PC

    vs.                                            FINDINGS AND RECOMMENDATIONS

K. LARGE,
    Defendant.

       Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the August 18, 2008, second amended complaint filed in response to an earlier order dismissing the first amended complaint. The first amended complaint was filed in response to an order dismissing the original complaint and granting Plaintiff leave to file an amended complaint.

       Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at the California Correctional Institution at Tehachapi, brings this civil rights action against defendant Captain K. Large, an employee of the CDCR at CCI Tehachapi.

       In the order dismissing the original complaint, the court noted the following. Plaintiff's claims in this complaint is that he was denied access to the courts. Specifically, Plaintiff alleges that he arrived at Tehachapi in February of 2006, and his legal materials did not arrive until May 31, 2006. Upon Plaintiff's arrival, he sought "relief from an order entered by the Superior Court that was unlawful." The only specific conduct charged to Captain Large is that Plaintiff "was

denied, and limited to the court by the named defendant."

Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). Under prior law, Bounds was treated as establishing "core requirements," such that a prisoner alleging deprivation of the Bounds minima need not allege actual injury to state a constitutional claim. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). Recent Supreme Court precedent abolishes such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element. Casey v. Lewis, 518 U.S.343 (1996).

To establish a Bounds violation, a prisoner must show that his prison's law library or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim. Casey, supra, 518 U.S. 343, 347. The right of access does not require the State to "enable the prisoner to discover grievances" or to "litigate effectively once in court." The Casey Court further limits the right of access to the courts, as follows:

> Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim .... Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Casey, supra, 518 U.S. at 346.

The statute under which this action proceeds plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an

affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff was advised that in his first amended complaint, he failed to specify the injury that he suffered. Plaintiff referred to a court order, but did not specifically indicate what type of action he was litigating. Further, Plaintiff did not charge the named defendant with specific conduct that caused him actual injury as that term is defined above. Plaintiff simply alleged that the defendant was responsible for the delay in receiving Plaintiff's legal property.

The court found the allegations in plaintiff's complaint vague and conclusory. Plaintiff was directed to set forth all of his claims and factual allegations in the amended complaint. The court noted that the April 28, 2008, first amended complaint failed to charge any conduct to the defendant. In the first amended complaint, Plaintiff simply alleged that his legal materials were missing, and he would like to be compensated. There was no conduct charged to the defendant. The court granted Plaintiff an opportunity to file a second amended complaint.

The second amended complaint consists of a single allegation: "When I got here I had a lot of legal books they came up missing.." There are no other facts alleged, and there is no conduct specifically charged to the defendant. The court therefore recommends dismissal of the claims made in the second amended complaint with prejudice for failure to state a federal claim upon which the court could grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within

twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: April 7, 2009**                /s/ William M. Wunderlich
                                        UNITED STATES MAGISTRATE JUDGE